UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LE'TAXIONE, *formerly known as Ernest Carter*,

Plaintiff,

v.

CHRISTOPHER BABCOCK, *et al.*,

Defendants.

CASE NO. 3:19-cv-05251-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Le'Taxione, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges that defendants, who are Department of Corrections ("DOC") staff or employees of agencies that contract with the DOC to provide chemical dependency treatment services, conspired to falsify chemical dependency evaluation reports and to make false allegations against plaintiff. He claims that this led to his termination from a chemical dependency program, rescission of his conditionally commuted sentence, and re-imposition of his life without parole sentence.

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 1

Because plaintiff's claims go the validity of his confinement, they are not cognizable § 1983 claims. Thus, plaintiff must amend his complaint by May 31, 2019, or this Court will recommend dismissal of this matter without prejudice for failure to state a claim upon which relief can be granted.

**BACKGROUND**

Plaintiff, who is currently housed at Olympic Corrections Center, filed his complaint under § 1983 on April 4, 2019. *See* Dkt. 1. Plaintiff alleges that sixteen individuals—employees of American Behavioral Health Services, the DOC's Substance Abuse Recovery Unit, Airway Heights Corrections Center, and various other DOC officials—conspired to retaliate against him in a series of events that began with a chemical dependency evaluation for his conditionally commuted sentence. *See* Dkt. 1, at 2–5.

Plaintiff alleges that defendants falsified the result of his chemical dependency evaluation, made false allegations about him, conspired to have him removed from a chemical dependency program, falsified a discharge summary, and retaliated against him for filing complaints and grievances—all actions that were allegedly intended to cause his conditionally commuted sentence to be rescinded. *See* Dkt. 1, at 5–6, 10. As a result, he alleges that the sentence was rescinded and that his life-without-parole sentence was reinstated. *See* Dkt. 1, at 7, 10. He requests $6.2 million in damages and an injunction preventing further DOC fraud and retaliation and rescinding his "DOC violation." *See* Dkt. 1, at 12.

///

///

**///**

## DISCUSSION

### I. Legal Principles

The Prison Litigation Reform Act of 1995 ("PLRA") requires this Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid . . ."). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### II. Analysis

Plaintiff essentially alleges that various officials—motivated by racism and/or retaliation—conspired together in order to have his commuted sentence rescinded.

A claim for damages that "call[s] into question the lawfulness of conviction or confinement" is not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). Rather, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Similarly, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Because plaintiff contends that the alleged First and Fourteenth Amendment violations caused the revocation of his conditionally commuted sentence and the reinstatement of his life-without-parole sentence and because there is no indication that that revocation has been invalidated, plaintiff's claim for damages is not cognizable. Moreover, plaintiff's claim for injunctive relief—requesting rescission of the violation—also fails because such a request for a speedier release from imprisonment is not a cognizable § 1983 claim under *Preiser*.

Plaintiff also appears to request an injunction to "stop WA State DOC from retaliating" and "filing false reports" and chemical dependency evaluation scores against him. *See* Dkt. 1, at 5, 12. But plaintiff also alleges that he has been transferred to another institution and that he is no longer participating in the conditional commutation of his sentence and is instead serving his reinstated life-without-parole sentence. *See* Dkt. 1, at 5, 12. To the extent that plaintiff requests injunctive relief other than reinstating his conditionally commuted sentence, plaintiff's request for injunctive relief appears to be moot because he has been transferred to another institution and no longer appears to be participating in treatment. *See Williams v. Alioto*, 549 F.2d 136, 140–41 (9th Cir. 1977). Unless plaintiff provides specific factual allegations and argument to explain how his request is not moot, the Court will recommend dismissal of this claim.

**III. Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, unless plaintiff shows cause or amends his complaint, the Court will recommend dismissal of the complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) each

constitutional right that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Because plaintiff appears to be disputing his continued confinement, however, he should instead consider whether he has exhausted his state court remedies and whether, upon such exhaustion, he wishes to pursue a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 483 (1994).

If he still wishes to pursue a § 1983 claim, then plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before May 31, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 3rd day of May, 2019.

J. Richard Creatura
United States Magistrate Judge