UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LE'TAXIONE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER BABCOCK, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. 3:19-CV-05251-BHS-JRC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. *See* Dkt. 3. Before the Court is plaintiff's motion to appoint counsel. Dkt. 2.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To

decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Plaintiff argues that his complaint has merit because he has substantiated his underlying allegation that corrections staff retaliated against him by taking actions including falsifying chemical dependency evaluation reports. *See* Dkt. 2, at 13. However, as set forth in this Court's order to show cause (*see* Dkt. 5), plaintiff's complaint does not present a claim that is cognizable under § 1983, so that, at least at this early stage, there is little likelihood of success on the merits. For this reason and because at present, the facts and legal issues do not appear unusually complex such that plaintiff could not articulate his claims *pro se*, the Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel.

Plaintiff's motion to appoint counsel (Dkt. 2) is therefore **DENIED** without prejudice.

Dated this 10th day of May, 2019.

J. Richard Creatura
United States Magistrate Judge