UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LE'TAXIONE,

              Plaintiff,

v.

CHRISTOPHER BABCOCK, *et al.*,

              Defendants.

CASE NO. 3:19-cv-05251-BHS-JRC

ORDER DENYING MOTION FOR RECONSIDERATION

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. *See* Dkt. 3. Before the Court is plaintiff's motion for reconsideration of this Court's order denying plaintiff's motion to appoint counsel. *See* Dkt. 8.

The undersigned denied plaintiff's motion to appoint counsel because he had failed to establish a likelihood of success on the merits and because the facts and legal issues did not appear unusually complex such that plaintiff could not articulate his claims *pro se*. *See* Dkt. 6, at 2.

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

Motions for reconsideration are disfavored under the Local Rules. *See* Local Civil Rule 7(h). "The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. To determine whether the exceptional circumstances that merit the appointment of counsel exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Plaintiff challenges this Court's finding that exceptional circumstances did not exist and argues that this Court should reconsider its ruling on the basis that (1) he is a layman to the law, (2) the complexity of the case and developing the issues at trial will require skill in cross examination and gathering evidence, (3) his claims have merit, (4) he lacks legal library access, and (5) he is being transferred back to the same corrections center where he alleges that the constitutional violations occurred. *See* Dkt. 8, at 1.

Regarding argument (1), lack of legal training is a circumstance common to most plaintiffs requesting the appointment of counsel and is not an "exceptional circumstance." *See Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990). The Court previously considered plaintiff's arguments (2) and (3), which plaintiff made in support of his motion to appoint counsel (*see* Dkt. 2, at 13), and plaintiff fails to point to new facts or legal authority that he could not have presented earlier. Although the Court notes that since plaintiff requested reconsideration, the Court has directed plaintiff to serve the amended complaint (*see* Dkt. 9),

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

nevertheless, at this early stage, plaintiff has still failed to establish a likelihood of success on the merits.

Regarding (4), plaintiff fails to establish manifest error on the basis of limited library access because this is neither a fact that plaintiff was unable to present earlier nor an exceptional circumstance. Finally, regarding (5), plaintiff makes no argument—nor is there anything in the record—to support that his transfer back to the institution that allegedly violated his constitutional rights will render his claims more likely to succeed or make him less able to articulate his claims in light of the complexity of the legal issues involved.

Plaintiff's motion for reconsideration (Dkt. 24) is **DENIED**.

Dated this 20th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3