UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LE'TAXIONE,

          Plaintiff,

v.

CHRISTOPHER BABCOCK, *et al.*,

          Defendants.

CASE NO. 3:19-cv-05251-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: February 14, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. *See* Dkt. 3. The undersigned recommends that this matter be dismissed without prejudice because plaintiff has failed to timely serve the complaint and summons or to show good cause for further extensions.

**BACKGROUND**

Plaintiff initiated this matter by filing a complaint and paying the filing fee in April 2019. *See* Dkt. 1. After reviewing plaintiff's amended complaint, the undersigned directed plaintiff to

REPORT AND RECOMMENDATION - 1

effect service of the summons and complaint upon defendants. *See* Dkt. 9, at 1. The Court's Order specifically directed plaintiff that part of serving the complaint included obtaining the issuance of summonses from the Clerk's Office. *See* Dkt. 9, at 1. The Order included a warning that failure to serve the summonses and copies of the complaint within 90 days would result in dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). *See* Dkt. 9, at 2. Finally, the Court informed plaintiff that upon a proper request, the Court could direct service for plaintiff. *See* Dkt. 9, at 2.

Nevertheless, plaintiff never requested summonses from the clerk's office. *See* Dkt. Plaintiff filed affidavits of service upon defendants with the Court—however, plaintiff did not include summonses issued by the Clerk's Office with his affidavits of service. *See* Dkts. 15–24; 29. On December 20, 2019, the Court again instructed plaintiff that he had to properly serve summonses and copies of the complaint to effect service of the complaint. *See* Dkt. 29. The Court extended the deadline for plaintiff to properly serve the complaint, ordering plaintiff to "show cause regarding why this case should not be dismissed without prejudice for failure to timely serve" and to "address whether he wishes to have the Court effect service[.]" Dkt. 29, at 2. Again, plaintiff failed to take appropriate action—indeed, plaintiff has not taken any action in response to the Court's order to show cause. Instead, plaintiff has simply filed a notice of change of address and a motion for counsel—a similar motion to the one the Court previously denied. *See* Dkts. 2, 6, 30, 31.

## DISCUSSION

Despite the Court's repeated warnings, directions, and instructions, plaintiff has not properly served his complaint. He has not obtained "the issuance of summons by the clerk" as required by Local Civil Rule 4 and he has not served summonses and copies of the complaint on

defendants as required by Federal Rule of Civil Procedure 4(c).  Nor has plaintiff provided defendants with waivers of service of summons, so that no defendant has waived service of summons.  Indeed, only one defendant—of fourteen—has appeared, and that defendant has taken no action other than to state in the notice of appearance that no defendant has been personally served with copies of the summons and complaint.  *See* Dkt. 26, at 2.

Unless plaintiff can show good cause, the court must dismiss an action without prejudice for failure to properly effect service within 90 days of filing the complaint.  *See* Fed. R. Civ. P. 4(m).  Generally, the Court gives Rule 4 a "liberal and flexible construction."  *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).  Nonetheless, dismissal is appropriate where a plaintiff is given additional time to serve a complaint and fails to properly do so or to show good cause for further extensions.  *See Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369–70 (5th Cir. 2017) (affirming dismissal on the basis of *pro se* plaintiff's failure to properly serve defendants); *accord Carrasco v. United States*, 292 Fed. App'x 610 (9th Cir. 2008).  Here, in light of plaintiff's failure to take action in response to numerous instructions, warnings, and directions from the Court, no further extensions shall be granted and the matter should be dismissed for failure to timely serve.

## CONCLUSION

For the reasons set forth above, the Court recommends dismissal of this matter without prejudice pursuant to Federal Rule of Civil Procedure 4.  When the matter is closed, the motion for counsel should be denied as moot.  *See* Dkt. 31.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 14, 2020** as noted in the caption.

Dated this 28th day of January, 2020.

J. Richard Creatura
United States Magistrate Judge