UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LE'TAXIONE,<br><br>        Plaintiff,<br><br>   v.<br><br>CHRISTOPHER BABCOCK, et al.,<br><br>        Defendants. | CASE NO. C19-5251BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se plaintiff Le'Taxione's May 27, 2021, Motion for Reconsideration, Dkt. 36, of the Court's May 5, 2020, Judgment, Dkt. 35.

This Court previously adopted the Magistrate Judge's Report and Recommendation, Dkt. 32, and dismissed Le'Taxione's claims without prejudice, for failure to timely serve his complaint. It entered a judgment and closed the case. Dkts. 34 and 35. Le'Taxione did not appeal.

Now, a year later, Le'Taxione asks the Court to assist him in "getting the case re-started." Dkt. 36 at 1. Unfortunately, this matter is closed and it has been for more than a year. In order to start a new case, Le'Taxione must file a new action, and either pay the

ORDER - 1

filing fee or seek and obtain leave to proceed *in forma pauperis*. In order to do so, he must be indigent and his proposed complaint must state a plausible claim, as explained below.

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations

omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

To obtain *in forma pauperis* status, Le'Taxione's new proposed complaint will have to meet this standard. In the meantime, Le'Taxione's Motion for Reconsideration of the Court's dismissal of *this* case, Dkt. 36, is DENIED, and the matter remains closed.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge